Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Western District of North Carolina

Statesville Division

**FILED**

Statesville, NC

MAY 1 3 2026

Clerk, US District Court
Western District of NC

Kelley Killian

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Lowe's Companies, Inc.

_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.  5: 26-cv-110-mEO

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☒ Yes  ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Kelley Killian |
| Street Address | 825 Lake Park Drive, Apt. 104 |
| City and County | Davidson |
| State and Zip Code | NC, 28036 |
| Telephone Number | 704-650-2315 |
| E-mail Address | Kelley0419@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Lowe's Companies, Inc. |
| Job or Title *(if known)* | |
| Street Address | 1000 Lowe's Blvd. |
| City and County | Mooresville |
| State and Zip Code | NC 28117 |
| Telephone Number | (704) 758-1000 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## C.     Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Lowe's Companies, Inc. |
| Street Address | 1000 Lowe's Blvd. |
| City and County | Mooresville |
| State and Zip Code | NC 28117 |
| Telephone Number | (704) 758-1000 |

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:   In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:   In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:   In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒     Other federal law *(specify the federal law)*:

Family and Medical Leave Act (FMLA)

☐     Relevant state law *(specify, if known)*:

☐     Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☒    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☒    Unequal terms and conditions of my employment.

☒    Retaliation.

☒    Other acts *(specify)*:    Associational disability discrimination related to caregiving for Plaintiff's medically fragile mother

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

2020 through February 6, 2025

C.    I believe that defendant(s) *(check one)*:

☐    is/are still committing these acts against me.

☒    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race    _____

☐    color    _____

☐    gender/sex    _____

☐    religion    _____

☐    national origin    _____

☐    age *(year of birth)*    _____    *(only when asserting a claim of age discrimination.)*

☒    disability or perceived disability *(specify disability)*

Associational disability discrimination related to Plaintiff's caregiving relationship with medically fragile mother suffering from dementia, COPD, heart disease, cancer, and respiratory failure.

E.     The facts of my case are as follows.  Attach additional pages if needed.

Plaintiff worked for Lowe's Companies, Inc. in the Legal Department as a Legal Administrative Assistant for over seven years. During the COVID period beginning in 2020, Plaintiff worked remotely for approximately two years. At the beginning of the remote assignment, Plaintiff requested permission not to perform physical mail duties in the office because Plaintiff was caring for Plaintiff's medically fragile mother and feared bringing COVID home to her. Plaintiff's supervisor granted the request but informed Plaintiff that because Plaintiff's coworker would be required to handle the physical mail duties in the office, Plaintiff would be assigned responsibility for all legal email duties, which comprised approximately 80% of a two-person operational role.

In approximately May 2022, employees returned to in-office work. Plaintiff was then assigned responsibility for both the physical mail duties and the legal email duties, while Plaintiff's coworker was designated primarily as backup support and assigned lighter or non-core tasks. Plaintiff's role was primarily electronic and email-based. Remote work and temporary flexibility were regularly permitted within the Legal Department for employees as needed.

Plaintiff was the primary caregiver for Plaintiff's medically fragile mother, who suffered from dementia, cancer, COPD, heart disease, respiratory failure, and repeated ICU hospitalizations during 2024. Following Plaintiff's mother's repeated hospitalizations in 2024, Plaintiff requested temporary remote-work flexibility and a more balanced workload distribution that would have allowed Plaintiff to continue performing Plaintiff's job duties while also responding to Plaintiff's mother's medical crises.

Plaintiff alleges that instead of meaningfully exploring alternatives, Defendant continued assigning Plaintiff an excessive workload, treated Plaintiff as unreliable because of caregiving demands, and forced Plaintiff to utilize and eventually exhaust FMLA leave despite Plaintiff remaining willing and able to work remotely following Plaintiff's mother's hospitalizations. Plaintiff was thereafter placed on unpaid Personal Leave.

While Plaintiff remained on approved leave, Defendant filled Plaintiff's position. When Plaintiff later informed Defendant that Plaintiff was prepared to return to work, Plaintiff was informed that the position had already been filled and Plaintiff's employment was subsequently terminated on February 6, 2025. The conduct described above included FMLA interference and retaliation, unequal terms and conditions of employment, termination, and associational disability discrimination related to Plaintiff's caregiving relationship with Plaintiff's medically fragile mother.

Plaintiff further alleges that Defendant maintained allegations during subsequent unemployment proceedings implying voluntary resignation and misconduct. Plaintiff received a Right-to-Sue notice from the EEOC on February 13, 2026. Plaintiff acknowledges that timeliness issues may be disputed and asserts that delayed accrual and/or equitable tolling should apply because Plaintiff did not reasonably recognize the legal significance of Defendant's conduct until later events, including Defendant's withdrawal of opposition to Plaintiff's unemployment claim at the outset of the unemployment appeal hearing on August 6, 2025.

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

1/27/2026

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☒   issued a Notice of Right to Sue letter, which I received on *(date)*    2/13/2026              .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff seeks lost wages, lost employment benefits, front pay and/or back pay, compensation for financial and emotional harm, equitable relief as appropriate, costs, and any additional relief the Court deems just and proper. Plaintiff further alleges that the effects of Defendant's actions continue to impact Plaintiff's employment opportunities and financial stability.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 5/13/26

Signature of Plaintiff    Kelley Killian, Pro Se

Printed Name of Plaintiff    Kelley Killian

### B. For Attorneys

Date of signing: _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____